18-15336, Orlando Estrada versus FTSUSLLC, and Mr. Zydel. Yes, good morning. Jay Zydel on behalf of myself and my law firm. Rule 11 is intended to deter claims with no factual or legal basis at all. Creative claims coupled even with ambiguous or inconsequential facts may merit dismissal, but not punishment. We appeal the district court's imposition of Rule 11 sanctions. So you say that Rule 11 is designed to sanction, deter, punish allegations, factual allegations that have no basis. Is there any factual basis for the never paid allegation in the complaint? Yes, there is. Tell me about it. There is, because this case dealt with a piece rate under the FLSA, the Fair Labor Standards Act. That's at CFR 29, CFR 778.12. That's an all or nothing system. The employer has to have certain variables 100% correct in order to deviate from the normal payment of overtime under that provision. One of those variables is the amount of weekly hours that the employee works. If that variable is off, the whole system fails and therefore our contention from the very beginning of this case was that the plaintiff or in this case was never paid overtime because he claimed that hours were constantly shaved off of his time in the morning before the shift, after the shift, and otherwise. We conducted a detailed client interview. We filed the complaint as overtime never having been paid pursuant to the Fair Labor Standards Act. That's in our complaint. Under Rule 8, we felt that that met the liberal pleading requirements of that rule. There is no requirement to specify the CFR, nor is there any reason or applicable regulation that would require us to specify more than that.  . Step . . . calabrisfied.